**IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| HI-TECH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| UNITED NATURAL FOODS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | / | |

**COMPLAINT**

COMES NOW, the Plaintiff, Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), by and through the undersigned counsel of record, and for its Complaint against Defendant United Natural Foods, Inc. ("UNFI"), states as follows:

**PARTIES**

1.      Plaintiff Hi-Tech is a Georgia corporation with its principal place of business in Georgia.

2.      Upon information and belief, Defendant UNFI is a Delaware corporation, with its principal place of business at 313 Iron Horse Way, Providence, Rhode Island.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332, as this matter is between corporations of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

4.      This Court has personal jurisdiction over Defendant UNFI because it has personally availed itself of the benefits and protections of Georgia by establishing minimum contacts with Georgia sufficient to subject it to personal jurisdiction consistent with due process under the Fourteenth Amendment to the United States Constitution.  UNFI transacts business within this State, the causes of action in this Complaint arise from and are connected to said transactions of business, and the Court's exercise of jurisdiction over UNFI does not offend traditional notions of fair play and substantial justice.

5.      Venue is proper in the Atlanta Division of the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because all or a part of the events giving rise to the causes of action asserted herein took place in the Atlanta Division of the Northern District of Georgia, and because Plaintiff Hi-Tech's principal place of business is in this District.

## BACKGROUND FACTS

6.      Hi-Tech manufactures, produces, and distributes dietary supplement products nationwide through various wholesale and retail outlets, and also sells and distributes raw materials for dietary supplement products.

7.      On or about July 25, 2018, UNFI acquired Delaware corporation Supervalu Inc. ("Supervalu") and all debts, liabilities, and duties of Supervalu Inc. became the debts, liabilities, and duties of UNFI.

8.      Before the aforementioned acquisition, Supervalu entered into an agreement (the "Agreement") with Hi-Tech whereby Hi-Tech would manufacture and provide certain dietary supplement products and/or raw materials ordered by Supervalu, for which Supervalu would pay Hi-Tech.

9.      Pursuant to the aforementioned Agreement, Hi-Tech manufactured and delivered goods to Supervalu, extending credit to Supervalu for various purchase orders.

10.      Supervalu submitted such purchase orders before and after its acquisition by UNFI.

11.      Hi-Tech fulfilled purchase orders and remitted corresponding invoices to Supervalu amounting to $85,687.04, each of which became subject to a 3% fee

3

when payment was not made on its corresponding due date, resulting in a total amount due of $88,257.65.

12.    Hi-Tech demanded payment from Supervalu and UNFI for these amounts, but Supervalu and UNFI refused to issue the requisite payments.

13.    Upon information and belief, UNFI is now responsible for fulfilling Supervalu's obligation to pay its debt to Hi-Tech.

## COUNT ONE
## BREACH OF CONTRACT

14.    Hi-Tech adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15.    By the terms of the Agreement, and as demonstrated by the parties' pattern of conduct, Supervalu agreed to purchase Hi-Tech's goods. Hi-Tech fulfilled its obligations under the Agreement by providing goods ordered by Supervalu before and after its acquisition by UNFI. Hi-Tech has sent written demands for payment to Supervalu and UNFI, but Supervalu and UNFI have refused to pay Hi-Tech.

16.    The conduct of UNFI amounts to a breach of the Agreement and has resulted in direct and proximate damage to Hi-Tech.

4

## COUNT TWO
## OPEN ACCOUNT

17.     Hi-Tech adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

18.     UNFI, through its assumption of all debts, liabilities, and duties owed by Supervalu, owes Hi-Tech $88,257.65 due by open account.

## COUNT THREE
## ACCOUNT STATED

19.     Hi-Tech adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

20.     UNFI, through its assumption of all debts, liabilities, and duties owed by Supervalu, owes Hi-Tech $88,257.65due by account stated.

## COUNT FOUR
## EXPENSES OF LITIGATION

21.     Hi-Tech adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

22.     UNFI is liable for Hi-Tech's attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11, as it has been stubbornly litigious and has caused Hi-Tech unnecessary trouble and expense in bringing these claims.

## PRAYER FOR RELIEF

WHEREFORE, Hi-Tech requests that the Court:

a. Enter judgment in Hi-Tech's favor and against Defendant in the amount of $88,257.65, plus interest, costs, fees, and any further relief to which Hi-Tech is entitled;

b. Award Hi-Tech its reasonable attorney fees and taxable court cases as permitted by O.C.G.A. § 13-6-11 should the Court find that has been stubbornly litigious and caused Hi-Tech unnecessary trouble and expense; and

That it be awarded all reasonable attorney's fees and costs of litigation incurred by Plaintiff for the prosecution of this action; and

c. That the Court award it such other relief as it deems just.

Date:  April 29, 2022          Respectfully submitted ,


*/s/ Arthur W. Leach*
 Arthur W. Leach
Georgia Bar No. 442025
Art@ArthurWLeach.com
Jessica H. Leach
Georgia Bar No. 742326
Jessica@ArthurWLeach.com
The Law Office of Arthur W. Leach
4080 McGinnis Ferry Rd, Suite 401
Alpharetta, GA 30005
Phone: (404) 786-6443